## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MISTER SOFTEE, INC.** | : |
| **901 E. Clements Bridge Rd.** | : |
| **Runnemede, NJ 08078,** | : |
| | : |
| **MISTER SOFTEE SALES AND** | : |
| **MANUFACTURING, LLC** | : |
| **901 E. Clements Bridge Rd.** | : |
| **Runnemede, NJ 08078,** | : |
| | : |
| **SPABO ICE CREAM CORP.** | : |
| **748 Southern Boulevard** | : |
| **Bronx, New York, 10455,** | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| **v.** | : |
| | : **CIVIL ACTION NO.** |
| **REZA AMANOLLAHI** | : |
| **AKA RAY AMANO** | : |
| **26 Harrison Court** | : |
| **Woodland Park, NJ, 07424,** | : |
| | : |
| **Defendant.** | : |

## CIVIL ACTION - COMPLAINT

## INTRODUCTION

1.       Plaintiffs Mister Softee, Inc. ("MSI"), Mister Softee Sales and Manufacturing, LLC ("MSSM") and SPABO Ice Cream Corp. ("Spabo") (MSI, MSSM and Spabo are collectively referred to as "Mister Softee") bring this action against former franchisee Reza Amanollahi ("Amano") who: (a) abandoned his rights and obligations under certain Franchise Agreements which have been since been terminated for several defaults; (b) is infringing on Mister Softee's trademark rights by operating his ice cream trucks using the Mister Softee trademarks without Mister Softee's permission; (c) is operating his ice cream trucks in his former territory and the territory of other Mister Softee franchisees in violation

of his non-compete obligations; and (d) owes certain amounts to Plaintiffs under their respective agreements.   Mister Softee also brings this action to protect the goodwill associated with its trademarks and trade dress, and to protect Mister Softee's franchisees who are being harmed as a result of the Defendant's unauthorized use of Mister Softee's trademarks.  Because the Defendant is no longer affiliated with Mister Softee, Mister Softee has no ability to ensure that Defendant is storing and dispensing his ice cream and other food products in compliance with applicable health standards and laws. Furthermore, Amano, by infringing Mister Softee's trademarks, is unfairly competing with Mister Softee's franchisees, all of whom paid and continue to pay royalty fees for the right to use Mister Softee's trademarks.

## THE PARTIES

2.      MSI is a New Jersey corporation with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey 08078. Mister Softee owns various trademarks including the trademark "Mister Softee" and the trade dress comprising the distinctive look of the Mister Softee mobile soft ice cream truck.

3.      MSSM is a New Jersey limited liability company with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey, 08078. MSSM constructs and sells Mister Softee trucks for use by licensees and franchisees of Mister Softee, Inc.

4.      Plaintiff Spabo is a New York corporation with an address of 748 Southern Boulevard, Bronx, New York, 10455.  Spabo is a sub-franchisor of Mister Softee, Inc. and has the exclusive right to sell Mister Softee franchises in a designated region under a Distributor Agreement with Mister Softee, Inc. Pursuant to the Distributor Agreement, Spabo was given the right to use and license others the right to use Mister Softee's federally

registered trademarks, trade dress and proprietary business system (referred to collectively as the "Trademarks and Trade Dress") in conjunction with the offering and sale of franchises in certain areas including the Bronx, New York.

5.      Defendant Amano is an adult individual with an address of 26 Harrison Court, Woodland Park, New Jersey, 07424.

6.      Amano operates his trucks from a depot located at 34-37 11th Street, Long Island City, New York, 11106 (the "Tsirkos Depot").

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that plaintiffs' claims against Amano is based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) in that Amano resides in this judicial district and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.  Furthermore, Amano has entered into agreements with MSSM that contain a forum selection clause that designate this Court as the venue for any litigation between them.

## THE MISTER SOFTEE SYSTEM

9.      Mister Softee is a family owned and operated business that has been in operation since 1956.  Mister Softee is the franchisor of Mister Softee mobile ice cream truck businesses that sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products.

10.     Mister Softee franchisees are licensed to use Mister Softee's trade names, service marks and trademarks and to operate under the Mister Softee business system, using specially designed mobile trucks with special equipment, equipment layouts, interior and exterior accessories, menu displays, identification schemes, products, management programs, standards, specifications, proprietary marks and information.   The relationship between Mister Softee and its franchisees is governed by the terms and conditions of the Mister Softee Dealer Franchise Agreement entered into between Mister Softee and each franchisee.

## THE TRADEMARKS AND TRADE DRESS

11.     MSI owns the trademarks "Mister Softee" and related logos which are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335 and 0663456 (the "Mister Softee Logos").  MSI also owns and has registered a sensory mark which consists of the Mister Softee musical jingle at Registration No. 2218017 (the "Mister Softee Sonic Mark").    Additionally, MSI owns a federal trademark registration for the overall design of the Mister Softee ice cream truck, registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357 (the "Mister Softee Truck Design").  MSI also created and uses the marks "Tu-Tone Cone", "Twinkletop Conehead", "Cherry Top Conehead", "Chocolate Top Conehead" and "Devil's Delight Conehead".  The term "Conehead" refers to the Mister Softee cartoon logo of an ice cream cone with a smiling face and bow tie.  (The Mister Softee Logos, Mister Softee Sonic Mark and Mister Softee Truck Design are collectively referred to as the "Mister Softee Marks").

12.     Only authorized licensees are permitted to use MSI's federally registered trademarks, trade dress and proprietary business system.

13.     Since 1956, MSI and its franchisees have continuously used and advertised the Mister Softee trademarks, trade names, trade dress and musical jingle throughout the region.   MSI's trademarks, trade names, trade dress and musical jingle distinguish its business and its franchises from similar businesses and are widely known and recognized by consumers.   MSI first began using its marks and trade dress in 1956 and first registered some of the above marks in 1958.   The Mister Softee musical jingle was composed in 1960.

## THE DISTINCTIVE NATURE OF MISTER SOFTEE TRUCKS

14.     Mister Softee trucks are inherently distinctive in appearance (the "Mister Softee Truck").   The design and appearance of Mister Softee Truck is not arbitrary and nonfunctional.   Each Mister Softee Truck has, among others, the following distinctive appearance and characteristics:

a.     Mister Softee Trucks are white with a blue trim which borders the bottom of each truck.   The wheels on Mister Softee Trucks are also blue.

b.     The front of the trucks contains the statement "The Very Best" above the name "Mister Softee", both of which are in red cursive print.

c.     The sides of Mister Softee Trucks are labeled with the words "Delicious Shakes" and "Sundaes" in red cursive print above which are painted pictures of a shake and a sundae, respectively.

d.     Above the blue trim on the sides of the Mister Softee Truck are the words "Shakes", "Sundaes", and "Cones" in blue, block, capital letters which have a green, frost-like trim.

e.     The sides of Mister Softee Trucks also contain a distinctive cartoon logo (the "Cartoon Character") depicting a soft serve ice cream cone with a smiley face

and bow tie.  The Cartoon Character appears under the red script words "Mister Softee". The trademark for this logo is registered on the Principal Register of the United States Patent and Trademark Office at Registration No. 0667335.

      f.     Each side of a Mister Softee Truck contains a sliding glass window used to service customers.

      g.     A menu display in each side window contains the name "Mister Softee" in red cursive print.  The menu display advertises various ice cream products and their prices.

      h.     The menu display contains the Cartoon Character.

      i.     The display windows also contain designed advertisements printed on plastic for specialty products including, but not limited to,  "Devil's Delight Conehead," "Cherry Top Conehead," "Chocolate Top Conehead," "Twinkletop Conehead," "Banana Boat," "Strawberry Sundae," "Hawaiian Pineapple Sundae," "Chocolate Nut Sundae," "Cherry Sundae," "Chocolate Sundae," "Tu-Tone Cone," and "Cart Wheel".  The name "Mister Softee" is printed on the cups pictured in the menu display.

      j.     The trucks also contain a designed advertisement in red, white and blue colors which states "Shakes" and displays a shake container with "Mister Softee" written at the top and with the Cartoon Character.

      k.     Attached to the driver's side of Mister Softee Trucks is a sign that extends out for other vehicles to see which provides a safety warning.

      l.     The top rear of Mister Softee trucks contains the statement "Watch For Our Children SLOW!"

m.    The bottom rear of Mister Softee Trucks contains the Cartoon Character and cartoon drawings of a boy and a girl with safety belts that read "Safety Club."

15.    When Mister Softee enters into a franchise agreement with each new franchisee, Mister Softee requires the new franchisee to operate a truck painted in Mister Softee's blue and white color scheme and displaying Mister Softee's Marks which come as a decal pack that include the above-referenced elements.

16.    Each of these elements make an authentic Mister Softee Truck unique and distinctly identifiable to the consuming public as a Mister Softee mobile ice cream business.

17.    Pictures showing an authentic Mister Softee Truck bearing the Mister Softee Marks are attached hereto as Exhibit "A".

18.    Mister Softee Trucks solicit business by traveling through various neighborhoods and playing the Mister Softee Sonic Mark.  Mister Softee's customer base predominately comprises young children.

## THE DEFENDANT

19.    On June 20, 2007, Defendant Amano entered into eight Franchise Agreements, and on January 1, 2012, Defendant Amano entered into fourteen more Franchise Agreements with Spabo pursuant to which Amano was granted the right and undertook the obligation to operate twenty-two Mister Softee franchises in Bronx County, New York. All the Franchise Agreements are identical.  Attached at Exhibit B is a true and correct copy of one of the Franchise Agreements between Mister Softee and Amano.

20.    Amano was designated by Mister Softee to park his ice cream trucks at 337 Manida Street, Bronx, New York, 10455 (the "Manida Street Depot").

21.     Defendant Amano also entered into two Truck and Equipment Sale Agreements with MSSM pursuant to which Amano executed a Promissory Note to make certain payments on the trucks until the trucks were paid in full.  A True and correct copy of one of the Truck and Equipment Sale Agreement and Promissory Note is attached as Exhibit "C."

22.     Defendant Amano also requested MSSM to perform maintenance on his trucks purchased pursuant to the Truck Sale Agreements.  MSSM performed the requested maintenance on the trucks and submitted invoices to Amano for parts and labor in the amount of $968.00.

### The Franchise Agreements

23.     Pursuant to Section 3.1 of the Franchise Agreements, the term for each of the Franchise Agreements is ten years.

24.     Pursuant to Section 6.1 of the Franchise Agreements, Amano agreed to pay Mister Softee a royalty equal to: (1) $1.70 on each gallon of soft-serve ice cream or frozen desert mix purchased or $3,400.00 per year, whichever is greater; and (2) $0.38 on each dozen of hard ice cream and frozen desert novelties purchased (the "Royalties").

25.     Pursuant to Section 6.15 of the Franchise Agreements, Amano is required to park and store his ice cream trucks at a depot or storage yard maintained by SPABO or a third party designated by Mister Softee.

26.     Pursuant to Section 9 of the Franchise Agreements, Amano is required to pay to Mister Softee all monies due on time or pay interest on the unpaid amount at a rate of eighteen percent per year or the maximum allowed by law, whichever is less. Section 9 also requires Amano to reimburse Mister Softee for all reasonable attorneys' fees, court costs and

8

litigation expenses Mister Softee incurs in attempting to collect unpaid debts owed to Mister Softee.

27.     Pursuant to Section 16.2 of the Franchise Agreements, Amano agreed that he shall not, directly or indirectly, himself or in conjunction with anyone else own, maintain, engage in, be employed by, lend money to, extend credit to, or have any interest in any other business which operates or licenses businesses featuring primarily the sale of ice cream or frozen confections within his former territory or within any Mister Softee franchisee's territory for a period of two years following the termination of his Franchise Agreements.

28.     Pursuant to Section 18.2.4 of the Franchise Agreements, the Franchise Agreements can be terminated, effective upon delivery of notice of termination and without opportunity to cure, if Amano breaches the Truck Sales Agreement or materially breaches any other agreement with Mister Softee.

29.     Pursuant to Section 18.2.11 of the Franchise Agreements, the Franchise Agreements can be terminated, effective upon delivery of notice of termination and without opportunity to cure, if Amano voluntarily abandons the Franchised Business.

30.     Pursuant to Section 18.2.14 of the Franchise Agreements, the Franchise Agreements can be terminated, effective upon delivery of notice of termination and without opportunity to cure, if Amano does not park his ice cream trucks in a depot maintained by Mister Softee or designated by Mister Softee.

### Termination of the Franchise Agreements

31.     Amano has made clear his intent to abandon the Franchise Agreements by informing other Mister Softee franchisees of his intent to operate his ice cream trucks independently from Mister Softee.

32.     Amano further indicated his intent to abandon his Franchise Agreements by moving his ice cream trucks from the designated Manida Street Depot to the Tsirkos Depot, which is not an approved depot, without Mister Softee's consent.

33.     In addition, Amano has failed to make certain payments under the Promissory Notes in violation of his Franchise Agreements.

34.     On February 18, 2014, Mister Softee sent notice of termination to the Amano. A true and correct copy of the Notice of Termination sent to Amano is attached as Exhibit "D."

35.     Amano received the Notice of Termination on February 19, 2014.  True and correct copies of the delivery confirmation receipts for the Notices of Termination are attached as Exhibit "E."

36.     In the Notice of Termination served on Amano, Mister Softee advised Amano that his Franchise Agreements were terminated because he: (a) parked his ice cream trucks in an undesignated depot; (b) he failed to make payments under the Promissory Notes; and (c) he has abandoned his Franchised Business.

37.     Amano has not contacted Mister Softee to dispute or otherwise explain the allegations made by Mister Softee in the Notice of Termination.

38.     Amano has failed to comply with his post-termination obligations under Section 19 of the Franchise Agreements to, among other things: (a) cease the use of Mister Softee's proprietary Marks, including without limitation, all identifying insignias, signs, displays, menu decals, logos, colors, color patterns or schemes and decals depicting ice cream products; (b) paint his trucks a different design and color than the blue and white colors and design of "Mister Softee" ice cream trucks; and (c) return to Mister Softee his

Mister Softee music boxes and all copyrighted materials, including the Mister Softee Operations Manual.

39.      Amano further has failed to comply with his obligations under Section 16.2 of the Franchise Agreements because he continues to operate his ice cream trucks in his former territory and the territory of other Mister Softee franchisees in violation of the non-compete provisions contained in the Franchise Agreements.

40.      Amano also owns and operates a website under the Mister Softee Marks without Mister Softee's consent at www.mistersofteenyc.com (the "Website").

<u>COUNT I</u>
**<u>Trademark Infringement and Unfair Competition</u>**

41.      Plaintiffs incorporate the forgoing averments as if fully set forth herein.

42.      Amano has utilized and benefited from the Mister Softee Marks in the operation of his mobile ice cream truck businesses without Mister Softee's permission and with the knowledge that Mister Softee has not consented to his use of the Mister Softee Marks.

43.      Amano willfully intends to trade on Mister Softee's reputation and cause dilution of the Mister Softee Marks.

44.      Amano is guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, <u>et seq.</u>  Amano's use of Mister Softee's Marks constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to his being affiliated, connected or associated with Mister Softee in violation of 15 U.S.C. §1125(a).  Amano's conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

45.     Amano's continued operation of his mobile ice cream trucks and the Website also causes dilution of Mister Softee's famous marks in violation of 15 U.S.C. §1125(c).

46.     Amano's continued operation as set forth above has caused and will cause Plaintiffs irreparable injury in that customers are being deceived by Amano as a result of Amano selling ice cream and related products from trucks unlawfully identified as Mister Softee trucks; Plaintiffs will have difficulty franchising Amano's trading areas, which includes the area Mister Softee exclusively granted Spabo; business will be diverted from Mister Softee's Marks; Mister Softee's Marks will be diluted and taken from Mister Softee's control; and Plaintiffs will lose profits and revenues which, because of Amano's conduct, cannot be readily calculated.

47.     Additionally, because Amano is no longer affiliated with Mister Softee, Plaintiffs have no ability to ensure that Amano is storing and dispensing his ice cream products in compliance with applicable health standards and laws.  As a result, customers may become ill if the ice cream is not properly stored and dispensed and the trucks and equipment are not operated in a sanitary manner.

48.     Plaintiffs have no adequate remedy at law because Plaintiffs cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mister Softee Marks as a result of Amano's conduct.

49.     Plaintiffs' immediate and irreparable harm will continue unless Amano is enjoined from continuing to use of the Mister Softee Marks.

**WHEREFORE**, Mister Softee, Inc. and SPABO Ice Cream Corp. demand judgment in their favor and against Reza Amanollahi as follows:

a.      A preliminary and permanent injunction enjoining Amano and his agents, employees and any person acting in concert with him from using the Mister Softee Marks or any colorable imitation in any manner whatsoever;

b.      An accounting of and judgment for the profits to which Mister Softee may be entitled;

c.      Treble damages pursuant to 15 U.S.C. § 1117;

d.      An order requiring the Amano to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in his possession bearing the word and/or symbol that is the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

e.      An order requiring Amano to return the music boxes in his possession that play the Mister Softee Sonic Mark to Mister Softee pursuant to 15 U.S.C. §1118.

f.      An order requiring Amano to assign the domain name www.mistersofteenyc.com to Mister Softee, Inc.;

g.      Punitive Damages;

h.      Attorneys' fees;

i.      Costs of this action; and

j.      Such further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT - POST TERMINATION NON-COMPETE

50.     Mister Softee incorporates by reference the averments set forth above as though the same were set forth at length herein.

51.     Amano's Franchise Agreements were terminated on February 19, 2014 upon delivery of the Notice of Termination.

52.     Amano continues to engage in the business of selling ice cream or other frozen confections in his former territory and the territory of other Mister Softee franchisees (the "Competitive Business").

53.     Amano's operation of the Competitive Business are in direct violation of the non-competition provisions of Section 16.2 of the Franchise Agreements.

54.     Amano has breached the Franchise Agreements by failing to comply with the post-term non-compete obligations set forth in Section 16.2 of the Franchise Agreements.

55.     Mister Softee has no adequate remedy at law in that the damages as set forth above, including the misappropriation and theft of its proprietary business System, Confidential Information and Proprietary Materials, and the consequential injury to consumer goodwill, cannot be compensated in monetary damages. The damages sustained by Mister Softee as a result of the loss of its goodwill and the potential deception and harm to the consuming public cannot be ascertained nor can such harm be compensated for in monetary damages.

56.     As a direct and proximate result, Mister Softee has suffered and continues to suffer damage to its business, reputation and goodwill due to Amano's operation of his Competitive Businesses.

57.     Mister Softee's immediate and irreparable harm will increase unless and until Amano is enjoined from violating his post-termination obligations and otherwise competing unfairly with Mister Softee.

58.     A preliminary and permanent injunction is the only method by which Mister Softee can prevent the further usurpation of its business system and trade secrets.

**WHEREFORE**, Mister Softee, Inc. and SPABO Ice Cream Corp. demand judgment in their favor and against the Reza Amanollahi as follows:

a.      That Amano be preliminarily and permanently enjoined and restrained from operating any competitive business selling ice cream products or frozen confections, or from directly or indirectly, being connected with the ownership, management, operation, control or conduct of a competitive business selling ice cream products or frozen confections located within Bronx County or any other territory assigned to a Mister Softee franchisee for a period of two years from the date of this Court's Order,

b.      attorney's fees and costs incurred in bringing this action;

c.      costs of this action; and

d.      such further relief as this Court deems just and proper.

<u>COUNT III</u>
<u>BREACH OF CONTRACT – FUTURE ROYALTIES</u>
(Spabo v. Amano)

59.     Mister Softee incorporates by reference the averments set forth above as though the same were set forth at length herein.

60.     At all times referred to herein, Spabo was in compliance with the Franchise Agreements and had fulfilled all of its obligations pursuant to the terms and conditions thereof.

61.     As a direct and proximate result of Amano's breach of the Franchise Agreements, Spabo has been damaged in the minimum amount of $462,400 which

represents the future minimum Royalties due under Amano's twenty-two Franchise Agreements through the remainder of the terms of the Franchise Agreements.

**WHEREFORE,** SPABO Ice Cream Corp. demands judgment in its favor and against Defendant Reza Amanollahi in the amount of $462,400.00 together with pre-judgment and post-judgment interest, attorney's fees and such further relief as this Court deems appropriate.

## COUNT IV
## BREACH OF CONTRACT – TRUCK NOTES
### (MSSM v. Amano)

62.     Mister Softee incorporates by reference the averments set forth above as though the same were set forth at length herein.

63.     Pursuant to the Section 2 of the Promissory Notes, Amano is required to make certain payments outlined in Exhibit 2 of the Promissory Notes.

64.     Amano failed to make the August 2013 payment of $4,000 and the September 2013 payment of $1,169 on Truck N-334.  For Truck N-335, Amano failed to make the August 2013 payment of $3,000 and the September 2013 payment of $1,939.

65.     Furthermore, Amano defaulted under the terms of his Franchise Agreements as outlined above.

66.     Pursuant to Section 11.1 of the Promissory Notes, MSSM may immediately accelerate all payments and other amounts due under the Note in the event Amano defaulted under the Promissory Note or any of his Franchise Agreements.

67.     For Truck N-334, Amano owes the sum of $47,718.45 to MSSM.

68.     For Truck N-335, Amano owes the sum of $46,327.27 to MSSM.

**WHEREFORE,** Mister Softee Sales and Manufacturing, LLC demands judgment in its favor and against Defendant Reza Amanollahi in the amount of $94,045.72 together with pre-judgment and post-judgment interest, attorney's fees and such further relief as this Court deems appropriate.

**COUNT V**
**UNJUST ENRICHMENT**
**(MSSM v. Amano)**

69.     Mister Softee incorporates by reference the averments set forth above as though the same were set forth at length herein..

70.     MSSM repaired Amano's trucks at the request of Amano.

71.     Amano has enjoyed the benefits of the repairs and maintenance provided by MSSM.

72.     Amano has failed and refused to pay the sum of $968.00 to MSSM for the repairs and maintenance performed on his trucks by MSSM.

73.     As a result, MSSM has been damaged in the amount of $968.00.

**WHEREFORE,** Mister Softee Sales and Manufacturing, LLC demands judgment in its favor and against Defendant Reza Amanollahi in the amount of $968.00 together with pre-judgment and post-judgment interest, attorney's fees and such further relief as this Court deems appropriate.

Respectfully submitted,

**FISHER ZUCKER, LLC**

Dated: March 14, 2014                By:____/s/ Frank A. Reino_____
                                     Jeffrey Zucker, Esquire
                                     Frank A. Reino, Esquire
                                     21 South 21st Street
                                     Philadelphia, PA 19103
                                     T: (215) 825-3100
                                     F: (215) 825-3101
                                     jzucker@fisherzucker.com