MARKS & KLEIN, LLP
By:   Justin M. Klein
        Evan M. Goldman
63 Riverside Avenue
Red Bank, New Jersey 07701
Telephone: (732) 747-7100
Facsimile: (732) 219-0625
justin@marksklein.com
evan@marksklein.com
*Attorneys for Defendant Reza Amanollahi*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISTER SOFTEE, INC., MISTER SOFTEE SALES AND MANUFACTURING, LLC, and SPABO ICE CREAM CORP., <br><br> Plaintiffs, <br><br> v. <br><br> REZA AMANOLLAHI, <br><br> Defendant. | Civil Action No.: 2:14-cv-01687(KM)(MCA) |

**MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFFS'
MOTION TO HOLD DEFENDANT REZA AMANOLLAHI IN CONTEMPT**

On the Brief:

Justin M. Klein
Evan M. Goldman, Esq.

Defendant Reza Amanollahi ("Amanollahi" or "Defendant") respectfully submits this memorandum of law in opposition of Plaintiffs' Motion to Hold Defendant in Contempt (hereinafter, the "Motion").

## I. INTRODUCTION

Mister Softee's Motion is based on an entirely false premise, which requires its denial. Since the entry of the Court's Preliminary Injunctions Order, dated July 1, 2014 (the "Order"), Mr. Amanollahi has left the ice cream business. As such, it would have been impossible for Mr. Amanollahi to have violated the Court's Order. For these reasons, and the reasons set forth herein, Mister Softee's Motion must be denied.

## II. STATEMENT OF RELEVANT FACTS

Mr. Amanollahi is a former Mister Softee Franchisee, having operated ice cream trucks, intermittently, between 1997 and 2009. Affidavit of Reza Amanollahi in Opposition of Plaintiffs' Motion to Hold Defendant in Contempt ("Amanollahi Aff."), ¶ 2. In 2009, Mr. Amanollahi sold any and all ice cream trucks to third parties (hereinafter, the "Buyers"). Amanollahi Aff., ¶ 3.[1] Since 2009, Mr. Amanollahi's sole business was the sale, at wholesale, of generic ice cream truck-related products to ice cream operators. Id. From 2009 until February

---

[1] As previously noted by this Court, the Franchise Agreements are in Mr. Amano's name on paper, but not "in reality." [Dkt. 29, pg. 5]. Amanollahi Aff., ¶ 3.

1

2014, Mr. Amanollahi operated an independent business out of a depot located 337 Manida Street, Bronx, New York (the "Metro Softee Ice Cream, Inc. Depot"). Amanollahi Aff., ¶ 4. After a dispute arose between Mr. Amanollahi and two individuals, he began operating out of a different depot, located at 34-37 11th Street, Long Island City, New York (the "Tsirkos Depot"). Id. Contrary to Plaintiffs' baseless assertions, while Mr. Amanollahi operated out of the Tsirkos Depot, he was never an owner, operator or manager of the Tsirkos Depot. Amanollahi Aff., ¶ 5. In fact, any plans to make Mr. Amanollahi an owner, operator or manager of the Tsirkos Depot were abandoned upon issuance of the Court's Order. Id.

As Mr. Amanollahi's Affidavit makes clear, he has carefully read the Court's Order, and has attempted to fully comply with same. Amanollahi Aff., ¶ 6. As such, Mr. Amanollahi has completely ceased operating in the ice cream business. Id.[2] More specifically, since the entry of the Court's Order:

- Mr. Amanollahi has not owned, managed or operated any depot or commissary that sells or supplies space to Thomas Fotinakopoulos, Anthony Tsaros, Michael Vasiardis and/or Tommy Dalageorgos and/or any entities or individuals in active concert or participation with them. Amanollahi Aff., ¶ 7.

- Mr. Amanollahi has not sold or otherwise provided ice cream products, ice cream mix, other frozen confections, or the supplies and equipment

---

[2] Mr. Amanollahi made payments, pursuant to a promissory note, to Plaintiffs, however, those payments were merely "pass-through" payments, wherein Mr. Amanollahi received money from the Buyers and forwarded it to Plaintiffs for payment. Amanollahi Aff., ¶ _.

necessary to operate an ice cream truck to Thomas Fotinakopoulos, Anthony Tsaros, Michael Vasiardis and/or Tommy Dalageorgos and/or any entities or individuals in active concert or participation with them. Amanollahi Aff., ¶ 8.

- Mr. Amanollahi does not have any officers, agents, servants or employees. Amanollahi Aff., ¶ 9.

- Mr. Amanollahi is not in possession of any Mister Softee labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the word and/or symbol that is the subject of Mister Softee's trademarks, trade dress, or trade name violation or reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118, including all Mister Softee decal packages, music boxes that play the Mister Softee jingle, and Mister Softee menu boards. Amanollahi Aff., ¶ 10.

- Mr. Amanollahi has not owned, maintained, or engaged in any business which operates or licenses businesses featuring primarily the retail sale of ice cream or other frozen confections within a five-mile radius of his former territories, or within a five-mile radius of any Mister Softee franchisees' territories that is within files miles of Mr. Amanollhi's former territory. Amanollahi Aff., ¶¶ 11 and 14.

- Mr. Amanollahi has not been employed by, lent money to, and has not extended credit to any business which operates or licenses businesses featuring primarily the retail sale of ice cream or other frozen confections within a five-mile radius of his former territories, or within a five-mile radius of any Mister Softee franchisees' territories that is within files miles of Mr. Amanollhi's former territory. Amanollahi Aff., ¶¶ 12 and 15.

- Mr. Amanollahi has not had any interest in any business which operates or licenses businesses featuring primarily the retail sale of ice cream or other frozen confections within a five-mile radius of his former territories, or within a five-mile radius of any Mister Softee franchisees' territories that is within files miles of Mr. Amanollhi's former territory. Amanollahi Aff., ¶¶ 13 and 16.

As such, it is clear that Mr. Amanollahi has not violated any term of the

Court's Order and, to the extent a violation did occur, same was not willful. In fact, despite the baseless conclusions set forth in the Baretto Affidavit, and accompanying report, there is not a single photograph of Mr. Amanollahi, nor a scintilla of corroborating evidence, to support the conclusion that Mr. Amanollahi owns, manages or operates the Tsirkos Depot. Simply, that is because it is not true.

### III. LEGAL ARGUMENT

#### a. Legal Standard on Motion for Contempt

In attempting to establish civil contempt, the petitioner bears the burden of proof by "clear and convincing evidence." Quinter v. Volkswagen of America, et al, 676 F.2d 969 (3d Cir. 1982) (citing Fox v. Capital Co., 96 F.3d 684, 686 (3d Cir. 1938) (further citations omitted). The Court of Appeals for the Third Circuit has clearly expressed the substantial burden placed on a party seeking contempt, recognizing that:

> [t]he plaintiff has a heavy burden to show a defendant guilty of civil contempt. It must be done by "clear and convincing evidence," and where there is groun to [sic] doubt the wrongfulness of the conduct of defendant, he should not be adjudged in contempt.

Id. Furthermore, even where there is a finding of contempt, a district court's discretion in fashioning compensatory sanctions is subject to limitation. Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992), cert. denied 113 S. Ct. 473 (1992). Specifically, the Court held:

4

> [t]he framing of sanctions for civil contempt is committed to the sound discretion of the trial court … but this discretion is not unlimited. Compensatory sanctions … must not exceed the actual loss suffered by the party that was wronged.

Id. In addition, an award of attorneys' fees and expenses is only allowable for willful contempt and to the extent that said fees and expenses are proven to be reasonable. Renco Industrial Products v. Dunlap, et al, 776 F.2d 1135, 1139 (3d Cir. 1985) (citing Lichtenstein v. Lichtenstein, 425 F.2d 1111 (3d Cir. 1970). Finally, "although the absence of wilfullness is not a defense to contempt, it is a relevant factor in deciding the extent of the sanction to be imposed." Microsoft Corp v. United Computer Res. Of NJ, Inc., 2002 U.S. Dist. LEXIS 27067, *41 (D.N.J. May 23, 2002) (citing Harley Davidson v. William Morris, 19 F.3d 142 (E.D. Pa. 1994).

### b. Defendant Has Complied With the Preliminary Injunction Order

In this matter, Plaintiffs cannot establish by clear and convincing evidence that Amanollahi is in contempt of the Court's Order. As affirmed by Mr. Amanollhi, Mr. Amanollahi is no longer operating in the ice cream industry, has not sold products to anyone in the ice cream industry, and does not own, operate or manage the Tsirkos Depot. Such conduct clearly constitutes grounds to "doubt the wrongfulness of the conduct" of Defendant and, therefore, Mr. Amanollahi should not be adjudged in contempt. Quinter v. Volkswagen of America, et al, 676 F.2d at 974 (citing Fox, 96 F.3d at 686) (further citations omitted) (refusing to find

5

contempt of an Order's provisions where there are grounds to doubt the wrongfulness of defendant's conduct).

### c. Defendant Did Not Wilfully Violate the Court's Order and Incarceration and Excessive Fines are Inappropriate

Mr. Amanollahi actions have been wholly consistent with the Court's Order. This evidence of compliant conduct demonstrates that there can be no finding of a willful violation. In addition, based on the above conduct, even assuming *arguendo* that a technical violation of the Order is found to have occurred, the magnitude of any alleged violation of the Court's Order does not even approximate the magnitude being alleged by Plaintiffs. Accordingly, the sanctions sought by Plaintiffs, including incarceration and financial sanctions, are not justified or merited by Mr. Amanollahi's purported conduct. See Quinter v. Volkswagen of America, et al, 676 F.2d at 974 (citing Fox, 96 F.3d at 686) (reversing a district court's imposition of $10,000 fine for contempt since the Third Circuit concluded that the defendant was guilty of only one violation of the district court's order as opposed to two and therefore the magnitude of relief merited reconsideration by the district court).

### d. Genuine Issues of Material Fact Raised Regarding Defendant's Conduct Justifies an Evidentiary Hearing

In the contest of contempt petitions, entitlement to an evidentiary hearing exists where there are genuine issues of material fact regarding the conduct alleged

6

to be contemptuous. See In re Grand Jury Matter, 906 F.2d 78, 85 (3d Cir. 1990) (citing Fed. R. Civ. P. 56). The Amanollahi Affidavit creates substantial genuine issues of material fact concerning Plaintiffs' contradictory allegations on contempt. Defendant, therefore, is at least entitled to an evidentiary hearing to resolve these issues, especially in light of Plaintiffs' unfounded request for incarceration. See In re Grand Jury Matter, 906 F.2d at 85.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that Plaintiffs' Motion be denied in its entirety or, in the alternative, that Defendant be granted an evidentiary hearing regarding the alleged contempt.

Dated:  August 11, 2014                                     Respectfully Submitted,

                                                            */s/ Justin M. Klein, Esq.*_____
                                                            Justin M. Klein, Esq.
                                                            Evan M. Goldman, Esq.
                                                            Marks & Klein, LLP
                                                            63 Riverside Avenue
                                                            Red Bank, New Jersey 07701
                                                            *Counsel for Reza Amanollahi*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2014, I caused the foregoing Memorandum of Law in Opposition to Plaintiffs' Motion to Hold Defendant in Contempt to be served via the Court's Electronic Filing System upon:

>**FISHER ZUCKER LLC**
>Jeff Fisher, Esq.
>Frank Reino, Esq.
>21 South 21st Street
>Philadelphia, Pennsylvania 19103
>*Attorneys for Plaintiffs*

>*/s Justin M. Klein*_____
>Justin M. Klein