UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISTER SOFTEE, INC., MISTER SOFTEE SALES AND MANUFACTURING, LLC, and SPABO ICE CREAM CORP., <br><br> Plaintiffs, <br><br> v. <br><br> REZA AMANOLLAHI, <br><br> Defendant. | Civ. No. 14-1687 (KM) (JBC) <br><br> OPINION and ORDER (Reconsideration) |

**MCNULTY, U.S.D.J.:**

Before the Court is the motion (ECF no. 134) of plaintiff SPABO Ice Cream Corp. ("Spabo") for partial reconsideration of my Opinion and Order of September 30, 2016 (ECF nos. 129, 130). Spabo for the most part prevailed on that motion for summary judgment, but it seeks reconsideration of the portion of my opinion that denied an award of damages for future royalties. (Opinion Section III.B, pp. 20–23)

**Background**

An Order and Opinion by this Court dated July 1, 2014 (ECF nos. 29–30) granted a preliminary injunction to prohibit Amano from infringing Mister Softee's federally registered trademarks and from violating non-compete provisions in twenty-two Mister Softee Dealer Franchise Agreements (the "Franchise Agreements").[1] *See Mister Softee, Inc. v. Amanollahi*, 2:14-CV-01687 KM MCA, 2014 WL 3110000 (D.N.J. July 1, 2014) (hereinafter, "*Amanollahi I*").

---

[1] The preliminary injunction was ordered for a period of two years, expiring July 1, 2016.

1

Discovery followed. Spabo then moved for summary judgment on a range of issues. My Order and Opinion on that motion (ECF nos. 129, 130) granted a permanent injunction as to both infringement of Spabo's trademarks and enforcement of the (now expired) non-compete provisions. I also granted Spabo summary judgment for recovery of the balance due under the Truck Notes, entitlement to Attorney's fees, and dismissal of Amano's counterclaims. I denied summary judgment, however, as to Spabo's claim of entitlement to the future royalties that would have been owed over the entire ten-year term of the 22 franchise agreements if Spabo had not cancelled them.

Because I write for the parties, familiarity with my prior Opinion is assumed.

## I. The Applicable Standard

I will not review the standards governing summary judgment, which are stated in my prior Opinion. The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

## II. Discussion

Here, in summary form, are the facts and authorities that Spabo believes I "overlooked" in my prior opinion:

a. Amano "abandoned" the franchises before Spabo terminated the franchise agreement.
b. Cases such as *Postal Instant Press, Inc. v. Sealy,* 43 Cal. App. 4th 1704 (1996) permit future royalties in the case of a total failure to perform.

Spabo raises nothing that was overlooked. As for (a), Spabo documents this "overlooked" fact by *quoting* my two prior opinions. As for (b), *Sealy* was cited in my Opinion at p. 22, where I cited some out-of-state cases that generally were consistent with the directly applicable New York case law.[2] The other authorities cited in Spabo's reconsideration motion date from 2003, 2007, and 2011. None of them represent controlling New York law.

In fact, the case primarily relied on in this section of my Opinion—*Kenford Co. v. Erie Cty.*, 67 N.Y.2d 257, 261 (N.Y. 1986)—was the only case cited by the plaintiff in support of its motion for summary judgment on this point. The plaintiff's motion for reconsideration ignores *Kenford,* instead purporting to "distinguish" non-New York authority.

In short, Spabo cites no fact or authority that was not or could not have been raised in connection with its motion for summary judgment. The motion for reconsideration is denied.

I nevertheless comment briefly.

The court was well aware that Amano moved the trucks, in breach of the agreements. He also delegated performance of the franchise agreements and payment of the franchise fees to four others, who continued to perform under the agreements, however imperfectly. (Payments on the Truck Notes ceased,

---

[2] The parties agree that New York law governs the franchise agreements.

however, and I awarded damages for the missed Truck Note payments.) Thus I am not persuaded that this was a case of *complete* abandonment or renunciation of the contracts. As pointed out in my Opinion, the agreements did not automatically terminate. Rather, Spabo had the *right* to terminate—and it did so. Under New York law, that constituted an election of remedies. (*See* Opinion 21–23 & n.18) Instead of staying within the contract and accruing royalties, Spabo terminated the contract, opting for damages occasioned by the breach.

I note briefly that Spabo attaches an article surveying case law on future royalties damages. (ECF no. 134-2) Much of the discussion is beside the point, because it does not engage with applicable New York law, which was cited in my Opinion. And much of it—particularly as it bears on terminated contracts, and agreements for exclusive territories—actually contradicts Spabo's position.

There is another fundamental problem. I agree with Spabo that *some* level of future royalties might be recoverable, *if* Spabo could show the extent of the damage. The real issue here is not an issue of law, but a failure to submit necessary proofs. As I stated in my Opinion, there is no indication that the parties contemplated that Spabo could put its feet up and collect ten years' worth of royalties. (Opinion p. 21 n.17)

These were exclusive territories. When the agreements terminated, what could reasonably be foreseen was that it would take Spabo some time and money to put a substitute franchisee in place. I might have awarded damages in the amount of royalties lost for that reasonable period. Indeed, I had already held that two years was a reasonable time to secure a substitute franchisee in connection with the preliminary injunction.

Spabo, however, clung to the maximalist position that, simply by virtue of Amano's breach, it was entitled to the full ten years' worth of royalties. Spabo did not put in proof of the actual damages that resulted from the breach or that were anticipated by the contracting parties. Given that gap in the

proofs, I could not award Spabo more than the unpaid royalties that had accrued as of the date of termination.

Finally, Spabo asks that I certify this question for interlocutory appeal. Such certification may be appropriate where the court finds that there is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If the "question" is viewed as my original Opinion, I disagree. New York law is clear; Spabo merely hypothesizes that New York might alter its view in light of persuasive out-of-state law. If the "question" is viewed as the denial of reconsideration *via* the Order I am entering today, that reasoning applies *a fortiori*. And in either case, a decision as to this single component of damages is as likely to delay as to expedite the ultimate resolution of this case. Spabo's legal issue can await an appeal in the usual course from this court's final decision. *See* 28 U.S.C. § 1291.

## ORDER

Accordingly, for the reasons stated in the foregoing opinion,

IT IS this 30th day of March, 2016,

ORDERED that Spabo's motion for reconsideration (ECF no. 134) is DENIED. Spabo's request that I certify the issue raised therein for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), is likewise DENIED.

_____
HON. KEVIN MCNULTY, U.S.D.J.